Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
600 E John Carpenter Fwy., Ste. 200
Irving, TX 75062
Tel: (949) 427-2010
Fax:  (949) 427-2732
Email: jbergh@ghidottilaw.com

**Attorney for Creditor,**
Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 or Bosco Credit II Trust Series 2010-1, its successors and assigns

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| IN RE: § <br><br>**Will Spencer Chavis and Rose Marie Chavis** §<br>  **DEBTORS** § <br> § <br> § <br>**Deutsche Bank National Trust Company, as** § <br>**certificate trustee on behalf of Bosco Credit** § <br>**II Trust Series 2010-1 or Bosco Credit II** § <br>**Trust Series 2010-1,** § <br>  **CREDITOR.** § | CASE NO.: 18-40250 <br><br> CHAPTER 13 |

### OBJECTION TO CHAPTER 13 PLAN

TO THE HONORABLE JUDGE BRENDA T. RHOADES, UNITED STATES BANKRUPTCY JUDGE, THE DEBTORS, THEIR ATTORNEY OF RECORD AND THE CHAPTER 13 TRUSTEE, CAREY D. EBERT:

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 or Bosco Credit II Trust Series 2010-1, ("**Creditor**"), a secured creditor of Will Spencer Chavis and Rose Marie Chavis ("**Debtors**"), hereby objects to the confirmation

of Debtor's Amended Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

This objecting Creditor holds a deed of trust on the Debtor's real property commonly described as 917 Blewitt Dr., Cedar Hill, Texas 75104 (the "**Property**"), which is Debtors' principal residence.

**I**

**STATEMENT OF FACTS**

1. On or about November 3, 2006, Debtors, for valuable consideration, made, executed and delivered to Resmae Mortgage Corporation, a Note (the "**Note**") with an original principal balance in the amount of $21,740.00 (the "**Loan**").

2. Said Note is secured by a Purchase Money Deed of Trust ("**Deed of Trust**"), which encumbers the Property recorded, as Document No.: 200600417255 in the Official Records of Bexar County, Texas, naming Resmae Mortgage Corporation, as the Beneficiary.

3. All rights, title, and interests in the Note and Deed of Trust were thereafter assigned to Creditor.

4. Creditor holds all right, title and interest in the Note and Deed of Trust.

5. On or about February 5, 2018, Debtors filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Eastern District of Texas, Case No.: 18-40250 (the "**Instant Petition**").

6. On February 19, 2018, Debtors also filed a proposed Chapter 13 Plan in which Debtors propose to cure Creditor's arrears in the amount of $7,850.00, and the post-petition monthly mortgage payment in the amount of $187.00.

7. Creditor's arrears total no less than $8,285.34.

8. The total amount owed to Creditor as of the Petition date is no less than approximately $26,794.46.

9. The Note matures December 1, 2021, during the Chapter 13 Plan.

10. To cure the entire claim Debtors must tender a payment in the amount of $446.57 per month to Creditor.

11. Creditor's post-petition monthly mortgage payment totals no less than $185.99.

## II

## ARGUMENT

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

### A. DOES NOT MEET FULL VALUE REQUIREMENT
11 U.S.C. §1325(a)(5)(B)(ii)

The Debtors' Plan does not provide for cure of the pre-petition arrears owed to Creditor. The pre-petition arrears owed to Creditor are no less than approximately $26,794.46. Debtors' Plan does not provide for payment in full to Creditor. Creditor's Note matures during the pendency of the Chapter 13 Plan. Accordingly, Debtors will be required to amend their Plan to fully provide for Creditor's total claim. Since Debtors' Plan does not provide for cure of the entire claim owed to Creditor, the Plan does not meet the full value requirement and fails to satisfy 11 U.S.C. §1325(a)(5)(B)(ii).

/ / /

/ / /

/ / /

B. **EXTENSION OF CREDITOR'S MATURITY DATE**
11 U.S.C. §1322 (d)

Creditor's Loan matures on December 1, 2021. In Chapter 13 cases, the last payment on any plan must always be made within 5 years after the plan payments start. The Court has no discretion to extend the last payment beyond 5 years. The Court has the authority to lengthen the loan payments for a time up to 60 months. Here, the loan will not be paid in full during the term of 5 years and Debtors are attempting to modify the terms of the Chapter 13 Plan.

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a.    The Plan be denied confirmation and the case be dismissed.

DATED: March 28, 2018        THE LAW OFFICES OF MICHELLE GHIDOTTI

By: /s/ Jennifer R. Bergh Esq.
    Jennifer R. Bergh, Esq.
    Attorney for Creditor Deutsche Bank National
    Trust Company, as certificate trustee on behalf
    of Bosco Credit II Trust Series 2010-1 or
    Bosco Credit II Trust Series 2010-1

Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com

**Attorney for Creditor,**
Deutsche Bank National Trust Company, as
Certificate Trustee on Behalf of Bosco Credit II
Trust Series 2010-1 or Bosco Credit II Trust
Series 2010-1, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE: § | CASE NO.: 18-40250 |
| **Will Spencer Davis and Rose Marie Chavis,** § | **CHAPTER 13** |
| DEBTORS, § | **CERTIFICATE OF SERVICE** |
| **Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1 or Bosco Credit II Trust Series 2010-1, its successors and assigns,** § | |
| CREDITOR, § | |
| **Will Spencer Davis and Rose Marie Chavis** § | |
| RESPONDENTS. § | |

### CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of eighteen and not a party to the within action. My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would

1
CERTIFICATE OF SERVICE

be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On March 28, 2018 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>Will Spencer Chavis<br>2580 Collin McKinney Pkwy<br>McKinney, TX 75070<br><br>**Joint Debtor**<br>Rose Marie Chavis<br>2580 Collin McKinney Pkwy<br>McKinney, TX 75070<br><br>**Debtors' Counsel**<br>Marcus Leinart<br>Leinart Law Firm<br>11520 N. Central Expwy. Suite 212<br>Dallas, TX 75243 | **Chapter 13 Trustee**<br>Carey D. Ebert<br>P. O. Box 941166<br>Plano, TX 75094-1166<br><br>**U.S. Trustee**<br>US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave., Suite 300<br>Tyler, TX 75702 |
|---|---|

__xx___(By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx_(Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

   Executed on March 28, 2018 at Anaheim, California

/*s / Jennifer R. Bergh*
Jennifer R. Bergh